CHARLES E. JENKINS, MOSES KNEELAND, AND JACKSON HADLEY, PLAINTIFFS IN ERROR, *v.* WILLIAM S. BANNING.

Where a case is brought up to this court, and the writ of error appears to have been sued out for delay, the judgment will be affirmed with costs and ten per cent. damages.

THIS case was brought up by writ of error from the District Court of the United States for the district of Wisconsin.

The case is stated in the opinion of the court.

*Jenkins et al.* v. *Banning.*

It was argued by *Mr. Gillet* for the defendant in error, **no** counsel appearing for the plaintiffs.

*Mr. Gillet* said that the practice of an inferior court is not the subject of review upon a writ of error; and the amendments permitted to be made to the plaintiff's declaration were within the discretion of the court below, and cannot be reviewed or reversed on error.

Mr. Justice CLIFFORD delivered the opinion of the court.

This case comes before the court upon a writ of error to the District Court of the United States for the district of Wisconsin. It was an action of debt upon a judgment recovered by the present defendant against the plaintiffs in error, in the District Court of the United States for the second judicial district of the Territory of Minnesota. As originally framed, the declaration did not contain any caption specifying the term of the court when it was filed, or the return day of the process on which it was founded. In point of fact, it was filed on the thirtieth day of December, 1857, and the process was regularly returnable to the succeeding January term of the District Court, to which this writ of error issued. Service of the summons upon the defendants was duly made on the following day, and the record shows that they subsequently appeared and demurred to the declaration, showing for cause the formal defects before mentioned. On the eighteenth day of January, 1858, the plaintiff, by leave of the court, amended his declaration, obviating the defects shown by the demurrer.

No exceptions were taken to the order of the court granting leave to amend, and, for aught that appears to the contrary, the amendment was made without objection.

After the amendment was allowed, the court overruled the demurrer, and the defendants refusing or neglecting to plead to the merits of the case, they were defaulted. Whereupon the plaintiff moved for judgment, and filed a duly-certified copy of the former judgment on which the suit was founded. Reference was then made of the cause to the clerk to compute the interest, and on his report being made in writing, judg

*Doe et al.* v. *Wilson.*

ment was given in favor of the plaintiff for the amount of the former judgment, together with interest on the same.

On this state of the record, the defendants sued out a writ of error, and removed the cause into this court, but have failed to appear and prosecute their writ of error. They did not except to the ruling of the District Court, and have not assigned error in this court, and it is obvious, from an inspection of the transcript, that there is no error in the proceeding. Motions to amend mere formal defects in the pleadings are always addressed to the discretion of the court, and are usually granted as a matter of course, and their allowance is never the subject of error. That point has been so frequently decided, that we do not think it necessary to cite authorities in its support.

Under these circumstances, the counsel for the defendant in error moves that the judgment be affirmed with ten per cent. damages. By the twenty-third rule of this court, it is provided that in all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out for delay, damages shall be awarded at the rate of ten per centum per annum on the amount of the judgment, and the said damages shall be calculated from the date of the judgment in the court below, until the money is paid.

That rule is applicable to this case, and the judgment is accordingly affirmed, with costs and ten per cent. damages.